# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### 1:20 CV 313 MOC WCM

| | | |
|---|---|---|
| DONTE D. SHINE | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| THE CITY OF ASHEVILLE, TRAVIS | ) | |
| BARKLEY, JOHN DOE 1-2 | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court on Plaintiff's Motion for Judicial Discovery Conference (the "Motion," Doc. 22).

On June 17, 2021, a Pretrial Order and Case Management Plan was entered. Doc. 12 (the "Pretrial Order"). The Pretrial Order requires that prior to filing "a disputed motion for an order relating to discovery," a party must request a conference with the undersigned. Id. at 5. "Only when that request is denied, or an impasse is reached at the conference may the party file a disputed motion for an order relating to discovery." Id.

By the instant Motion, Plaintiff requests a judicial conference regarding his First Set of Interrogatories (the "Interrogatories"). Plaintiff states that he served the Interrogatories on Defendant on February 28, 2022, but that Defendant has not responded to them. Doc. 22 at 1.

The Pretrial Order set deadlines of April 1, 2022 for the completion of court-enforceable discovery and of May 3, 2022 for the filing of any dispositive motions.

The certificate of service on Plaintiff's Motion indicates it was served by mail on May 3. The same day, Defendants filed a Motion to Dismiss and for Summary Judgment (the "Motion to Dismiss," Doc. 19).

On May 4, 2022, the presiding District Judge issued an Order in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and directed that Plaintiff respond to the Motion to Dismiss within 14 days of the service of the Order.

Under these circumstances, the undersigned is not persuaded that conducting a conference would be the most efficient use of the resources of the court and the parties. Accordingly, the Motion will be denied. However, in the undersigned's discretion and bearing in mind that Plaintiff appears *pro se*, Plaintiff will be allowed to file a separate motion seeking an order directing Defendants to answer the Interrogatories, as described below.

**IT IS THEREFORE ORDERED** that:

1. Plaintiff's Motion for Judicial Discovery Conference (Doc. 22) is **DENIED**.

2. Plaintiff may file, **on or before June 3, 2022**, a separate motion seeking an order directing Defendants to answer the Interrogatories.

Plaintiff's motion and any supporting brief (but not including a copy of the Interrogatories) may not exceed 5 pages in length. Plaintiff is further advised that any such motion should clearly explain 1) why the Interrogatories were not served before February 28, 2) why Plaintiff did not previously seek to compel Defendants' answers or raise this issue with the court, and 3) to what extent Plaintiff contends he needs Defendants' answers in order to respond to the Motion to Dismiss or otherwise prepare for trial.

3. Defendants' response to any such motion will be due within 7 days of the date Plaintiff's Motion is filed on the docket and likewise may not exceed 5 pages in length.

4. Following consultation with the chambers of the presiding District Judge, the deadline for Plaintiff to respond to the Motion to Dismiss (Doc. 19) is **TEMPORARILY HELD IN ABEYANCE**.

Signed: May 13, 2022

W. Carleton Metcalf
United States Magistrate Judge

3