IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:20 CV 313 MOC WCM

| | |
|---|---|
| DONTE D. SHINE )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE CITY OF ASHEVILLE, TRAVIS )<br>BARKLEY, JOHN DOE 1-2 )<br>)<br>Defendants. )<br>_____ ) | ORDER |

This matter is before the Court on Plaintiff's Motion to Compel (Doc. 25).

I.     **Relevant Background**

On June 17, 2021, the Court entered a Pretrial Order and Case Management Plan (the "Pretrial Order," Doc. 12), which included the following provisions:

> All discovery shall be complete no later than April 1, 2022. Supplementations per Rule 26(e) shall be due within thirty (30) days after obtaining applicable information. Counsel are directed to initiate discovery requests and notice or subpoena depositions sufficiently in advance of the discovery completion deadline so as to comply with this Order. Discovery requests that seek responses or schedule depositions after the discovery completion deadline are not enforceable except by order of the Court for good cause shown.

******

> In accordance with Rule 16(b)(3)(B)(v), a party shall, before filing a disputed motion for an order relating to discovery, request a conference with the magistrate judge. Only when that request is denied, or an impasse is reached at the conference may the party file a disputed motion for an order relating to discovery.
>
> ******
>
> A motion to compel must include a statement by the movant that the parties have conferred in good faith with each other and have exhausted the requirement of a conference with the Court in compliance with Subpart B, *supra*, in an attempt to resolve the dispute and are unable to do so. Consistent with the spirit, purpose, and explicit directives of the Federal Rules of Civil Procedure and the Local Rules of the Western District of North Carolina, the Court expects all parties (and counsel) to attempt in good faith to resolve discovery disputes without the necessity of Court intervention. Failure to do so may result in appropriate sanctions.

Doc. 12 at 3, 5, 6.

On January 24, 2022, Plaintiff filed a Motion for a Judicial Settlement Conference. Doc. 13. Defendants did not file a response to that request.

By Order entered on February 23, 2022, the undersigned granted Plaintiff's motion and set a judicial settlement conference for March 24, 2022. Doc. 14. That conference was subsequently continued to April 14, 2022. Docs. 15, 16.

On April 14, 2022, the undersigned conducted a judicial settlement conference by telephone. The matter was not resolved as the parties reached

2

an impasse.

On May 3, 2022, Defendants filed Motions to Dismiss and for Summary Judgment (the "Motion to Dismiss," Doc. 19).

On May 4, 2022, the presiding District Judge issued an Order in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and directed that Plaintiff respond to the Motion to Dismiss within 14 days.

On May 11, 2022, Plaintiff filed a Motion for Judicial Discovery Conference relative to Defendants' failure to respond to Plaintiff's First Set of Interrogatories (the "Interrogatories"). Doc. 22.

On May 13, 2022, the undersigned denied Plaintiff's motion but gave Plaintiff leave to file, on or before June 3, 2022, a separate motion seeking an order directing Defendants to answer the Interrogatories. The undersigned also temporarily held in abeyance the deadline for Plaintiff to respond to the Motion to Dismiss. Doc. 23.

Nonetheless, on May 19, 2022, Plaintiff responded to the Motion to Dismiss. Doc. 24.

On May 25, 2022, Plaintiff filed the Motion to Compel.

Defendants responded in opposition on June 8, 2022. Doc. 27.

## II. Discussion

When providing Plaintiff leave to file the Motion to Compel, the undersigned advised Plaintiff that "any such motion should clearly explain 1)

why the Interrogatories were not served before February 28, 2) why Plaintiff did not previously seek to compel Defendants' answers or raise this issue with the court, and 3) to what extent Plaintiff contends he needs Defendants' answers in order to respond to the Motion to Dismiss or otherwise prepare for trial." Doc. 23 at 3.

The parties' filings present a number of issues.

### A. Defendants' Late Response

The May 13 Order stated that Defendants' response to any motion by Plaintiff would be due within seven (7) days of the date Plaintiff's motion was filed on the docket. Doc. 23.

The Motion to Compel was filed on May 25, 2022, which made Defendants' response due on or before June 1, 2022. The response was not filed, however, until June 8, 2022.

The undersigned has considered whether to strike Defendants' response as untimely but will not do so and has chosen to consider Defendants' filing in an attempt to understand the full record relative to the Motion to Compel.

### B. Plaintiff's Delayed Service of the Interrogatories

Plaintiff states that he delayed serving the Interrogatories "due to the ongoing correspondence between the Plaintiff and Defendants regarding the scheduling of a mediated conference" and that "[t]o prevent [waste of] the Court[']s time and resources Plaintiff waited until a settlement conference was

4

exhausted." Doc. 25 at 1.

Defendants take issue with this position and state that Plaintiff's claim that he did not serve the Interrogatories because of ongoing correspondence concerning settlement and mediation "is simply false…." Doc. 27 at 4.

Plaintiff did not serve the Interrogatories after the judicial settlement conference ended in an impasse on April 14. Rather, Plaintiff served them in late February or early March (a topic discussed further below). In addition, Plaintiff has not provided any evidence of "ongoing correspondence" regarding settlement and has not explained why he did not serve the Interrogatories during the approximately seven-month period from June 2021 when the Pretrial Order was entered until late January 2022 when he filed his Motion for a Judicial Settlement Conference.

### C. Plaintiff's Delay in Seeking to Compel Defendants' Answers

Plaintiff similarly states that his delay in seeking to compel Defendants' answers was "due to ongoing correspondences regarding a possible settlement, which would make any motion to compel moot." Doc. 25 at 1.

Given that the Interrogatories were served in late February or early March, Defendants' responses were due approximately 30 days later. Consequently, Plaintiff knew by early April that Defendants had not answered the Interrogatories. The judicial settlement conference ended in an impasse on April 14. However, Plaintiff did not seek a conference with the court until

5

nearly a month later, on May 11, after Defendants had filed their Motion to Dismiss.

D. **Timeliness of the Interrogatories**

Defendants' principal argument in opposition to the Motion to Compel is that the Interrogatories were untimely served.

In the Motion to Compel, Plaintiff states that he served the Interrogatories by mail on February 28. In response, Defendants state that the City of Asheville received a set of interrogatories and requests for production of documents on March 9, and that the package was postmarked two or three days prior to March 9. Doc. 27 at 1-2.[1]

Here, assuming that the Interrogatories were served by mail on February 28 and factoring in the additional days as provided by the Rules, Defendants' answers were due on Monday, April 4, 2022. See Rules 33(b)(2); 5(b)(2)(C); 6(d); 6(a)(1)(C). Alternatively, based on Defendants' timeline, answers to the Interrogatories were due no later than Monday, April 11, 2022.

The details of service, however, are not apparent from the record. Neither side has submitted a copy of the Interrogatories, so the Court cannot

---

[1] Defendants' position is based on the declaration of a paralegal within the City Attorney's office, who receives and opens the mail. See Doc. 27-1. Defendants did not retain the envelope in which the Interrogatories were sent but the paralegal recalls that the package came from the Buncombe County Jail and was postmarked two or three days prior to March 9. Doc. 27-1.

see for itself how the Interrogatories were dated or whether they included a certificate of service.[2] Further, Defendants did not retain the envelope in which the Interrogatories were sent.

Nonetheless, under either sides' timeline, the deadline to respond to the Interrogatories fell outside of the April 1, 2022 deadline by a period of less than two weeks. Plaintiff, who is proceeding *pro se* and who therefore is entitled to some amount of leniency, did not miss the mark by much.

### E. Substance of the Interrogatories

Defendants state that the Interrogatories contain more than 100 questions, including discrete subparts. If this description is correct, the Interrogatories are in violation of the Pretrial Order, which allowed each party to propound no more than 20 interrogatories, including subparts.

However, Defendants have not lodged any substantive objection to the Interrogatories, including through the filing of a motion for protective order, and instead have chosen to argue that the Interrogatories were untimely served.

Even without such objections, though, since the Court has not been provided with a copy of the Interrogatories, the record does not reveal what questions the undersigned would be directing Defendants to answer, if the

---

[2] The undersigned notes that Plaintiff's recent filings do include certificates of service. See e.g., Doc. 25 at 2 and Doc. 24 at 22.

7

Motion to Compel were allowed.

### F. Plaintiff's Need for Answers to the Interrogatories

The Motion to Compel states that "Plaintiff does not need the answer[s] in order to respond to Defendants['] latest motion to dismiss," and, as referenced above, Plaintiff has already responded to the Motion to Dismiss. Doc. 24. Rather, Plaintiff contends that Defendants' answers to the Interrogatories "would assist in the Plaintiff's trial preparation and serve to assist the trial judge in navigating the evidentiary issues prior to trial." Doc. 25 at 1.

### G. Conclusion

Under these circumstances, the undersigned is not persuaded that the Motion to Compel should be allowed. As explained above, although it appears that Plaintiff technically failed to serve the Interrogatories in a timely manner, he is entitled to some leniency in that regard. Nonetheless, Plaintiff has not sufficiently explained why he delayed in serving the Interrogatories in the first instance and, subsequently, why he delayed in seeking a conference with the undersigned or authorization to file a motion to compel. Further, and more practically, Plaintiff has stated expressly that he does not need the answers to the Interrogatories to respond to the pending Motion to Dismiss (and has already responded). To the extent Plaintiff seeks information to present at trial, he remains free to issue subpoenas for witnesses and documents as

allowed by the Rules of Civil Procedure. This handling will also provide for the efficient use of judicial resources and the resources of the parties.

**IT IS THEREFORE ORDERED THAT**, in the exercise of the Court's discretion:

1. Plaintiff's Motion to Compel (Doc. 25) is **DENIED**.

2. To the extent the undersigned's May 13 Order (Doc. 23) temporarily held in abeyance Plaintiff's deadline for responding to Defendants' pending Motion to Dismiss, that portion of the May 13 Order is **DEEMED MOOT**, as Plaintiff has responded to the Motion to Dismiss.

Signed: June 14, 2022

W. Carleton Metcalf
United States Magistrate Judge