UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:20-cv-313-MOC-WCM

| | | |
|---|---|---|
| **DONTE D. SHINE, pro se,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| **CITY OF ASHEVILLE, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** before the Court on Plaintiff's Motion for Relief from Judgment. (Doc. No. 42). Defendants have responded in opposition to motion. (Doc. No. 43).

## I. BACKGROUND

On July 20, 2022, the Court granted Detective Barkley and the City's motions to dismiss all of Plaintiff's claims in this case. (Doc. No. 37). The Court's judgment was entered the same day. (Doc. No. 38). Before the Court dismissed Plaintiff's claims, Plaintiff filed a Motion requesting leave to amend his complaint on June 10, 2022. (Doc. No. 28). The Court denied the motion on June 15, 2022. (Doc. No. 31). Plaintiff filed a subsequent motion for leave to amend on June 27, 2022. (Doc. No. 35). The Court denied the motion as moot in its same order dismissing Plaintiff's claims. (Doc. No. 37). Plaintiff now brings the pending motion for relief from judgment.

## II. DISCUSSION

"[R]ule 60(b) does not authorize a motion merely for reconsideration of a legal issue." United States v. Williams, 674 F.2d 310, 312 (4th Cir. 1982). When the court has already ruled on the matters raised in the Rule 60(b) motion, the motion is not proper. Id. at 313 ("Where the motion is nothing more than a request that the district court change its mind, however, it is not

authorized by Rule 60(b)."); see also CNF Constructors, Inc. v. Donohoe Constr. Co., 57 F.3d 395, 400–01 (4th Cir. 1995) ("As we made clear in Williams, where a motion is for reconsideration of legal issues already addressed in an earlier ruling, the motion 'is not authorized under Rule 60(b).'"). Accordingly, if the Court has already decided a certain matter, it may not serve as a basis for relief.

**1. The Court already ruled on allegations that the City wrongfully withheld the identities of additional defendants.**

Plaintiff's request for relief is based on a theory that Defendants wrongfully withheld information about two APD officers Plaintiff wished to add to his Complaint. In furtherance of this theory, Plaintiff alleges that, between July 2021 and December 2021, he made "several discovery requests" for the names and addresses of officers involved in his August 3, 2018, arrest. (Exhibit A to Plaintiff's Motion for Relief at ¶ 2). Plaintiff states that he also requested this information in interrogatories he claims he mailed on February 28, 2022, but that the City never responded to that request. (Id. at ¶ 3). Paradoxically, Plaintiff also claims that he received information concerning the identities of those officers from the Asheville City Clerk in June of 2022.[1] Even assuming Plaintiff's statements are entirely true, the Court has previously ruled on these allegations and, therefore, cannot serve as a basis for granting Plaintiff relief from the Court's judgment.

---

[1] As Defendants discussed in their Memorandum in Opposition to Plaintiff's Motion for Leave to Amend Complaint (Doc. No. 36), no person employed in the City Clerk's office, or the person responsible for responding to Public Records Requests, ever corresponded with Plaintiff as he has described in multiple filings. It is, therefore, unclear where Plaintiff learned the information concerning these officers' identities, and Plaintiff has provided no evidence beyond his own statements that he received this information from the Asheville City Clerk. Defendants assert that Plaintiff had access to this information since August of 2018.

With respect to Plaintiff's allegation that he mailed the City interrogatories in late February and that the City never responded, the Court denied Plaintiff's Motion to Compel responses to those interrogatories on June 15, 2022. In addition, as to Plaintiff's allegation that the City wrongfully withheld officers identities until June of 2022, as Plaintiff himself noted in his Motion for Relief, Plaintiff filed a motion for leave to amend his Complaint to add these additional officers on June 27, 2022, which the Court subsequently denied in the same order dismissing the entirety of Plaintiff's claims. Accordingly, Plaintiff's request for relief is, in actuality, a request the Court reconsider issues it has already decided, and as such, will be denied.

**2. Plaintiff does not have a meritorious claim.**

In the exercise of its discretion, a district court may grant relief from a final judgment, order, or proceeding, under Rule 60(b). McLawhorn v. John W. Daniel & Co., 924 F.2d 535, 538 (4th Cir. 1991). "To prevail, a party must demonstrate (1) timeliness, (2) a meritorious defense [or claim], (3) a lack of unfair prejudice to the opposing party, and (4) exceptional circumstances." Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC, 859 F.3d 295, 299 (4th Cir. 2017) (citing Dowell v. State Farm Fire & Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993)); see also Boyd v. Bulala, 905 F.2d 764, 769 (4th Cir. 1990) ("Under all the provisions of Rule 60(b), a threshold condition for granting the relief is that the movant demonstrate that granting that relief will not in the end have been a futile gesture, by showing that she has a meritorious defense or claim."); McLawhorn, 924 F.2d at 538 (holding remedy "is only to be invoked upon a showing of exceptional circumstances" (quoting Compton v. Alton Steamship Co., 608 F.2d 96, 102 (4th Cir. 1979)).

Plaintiff's Motion for Relief is largely silent with respect to Detective Barkley, but instead, argues that the Court should grant Plaintiff relief on the basis that Defendants wrongfully deprived him of his opportunity to assert claims against different officers. However, even if the Court were to grant Plaintiff relief from its judgment and reinstate Plaintiff's claims, and then also reconsider its previous decision to deny Plaintiff leave to amend his Complaint to add these different officers to this suit, those claims would be untimely and, therefore, futile.[2] As such, Plaintiff's request for relief from judgment will be denied.

**3. An unverified letter alleging unspecified harassment by unnamed APD officers purportedly sent to Plaintiff by person with no known connection to Plaintiff's case is not clear and convincing evidence of misconduct.**

The Fourth Circuit has "set forth three factors that a moving party must establish to prevail on a Rule 60(b)(3) motion: (1) the moving party must have a meritorious defense; (2) the moving party must prove misconduct by clear and convincing evidence; and (3) the misconduct prevented the moving party from fully presenting its case." Schultz v. Butcher, 24 F.3d 626, 630 (4th Cir. 1994). As an exhibit to his Motion for Relief, Plaintiff attached a letter apparently sent or otherwise provided to Plaintiff by a person named "Kenny Gibbs" dated June 28, 2022. The letter, in its entirety, reads:

> I hope that this letter finds you well. I have some (sic) disturbing and unfortunate to tell you regarding the lawsuit against Mr. Barkley. Unfortunately I will not be able to testify against Mr. Barkley because the Asheville Police Department officers have continuously harassed me and my family. I feared this would happen. I don't want to end up in a situation where the police do me like they did you. I really want to let people know what Mr. Barkley did but I have to think

---

[2] Defendants note that they have provided the Court with extensive briefing on this subject in the Memorandum in Opposition to Plaintiff's Motion for Leave to Amend Complaint. (Doc. No. 36). Briefly summed up, under § 1983, any claim for wrongful arrest expired on August 3, 2021, and any claim for malicious prosecution would have expired on March 18, 2022. In addition, under extensive precedent and North Carolina law, Plaintiff's claims would not relate back.

about the well being of my family. I sincerely hope he is punished for what he did. Sincerely, Kenny Gibbs.

(Plaintiff's Motion for Relief, Ex. B). Plaintiff does not provide any information in his motion, his brief, or his affidavit about this letter's origin, its author's identity, or its relevance to this case.[3] Accordingly, this "evidence" does not meet the clear and convincing standard necessary to carry a motion under Rule 60(b), and Plaintiff's motion will be denied.

### III. CONCLUSION

In sum, for the reasons stated herein, Plaintiff's Motion for Relief from Judgment, (Doc. No. 42), is **DENIED**.

Signed: October 17, 2022

Max O. Cogburn Jr.
United States District Judge

---

[3] The City asserts that it does not have any information concerning the origins of this letter, however, a search of the APD's records system shows that the APD arrested a Joshua Gibbs (DOB 12/29/1988), whose father is Kenneth Gibbs, for possession of a firearm by a felon on March 11, 2015. A further search of the North Carolina Department of Corrections online inmate locator tool, and Plaintiff's filings in this case, indicates that both Joshua Gibbs and Plaintiff were incarcerated at Foothills Correctional Institution in the Spring of 2022.